UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                     13 CR 485 (U/A)

                                                      Part I

          -against-                    ORDER

ALI FAYAD, et al.,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          The attorney for defendant Ali Fayad moves by notice of motion, filed today, for

an order, pursuant to Rule 15, Fed. R. Crim. P., authorizing him to take the deposition of an

official of the government of Lebanon in Beirut, Lebanon, on Sunday, December 7, 2014. The

case comes to me as the Part I judge because no judge has been assigned for the reason that no

defendant has appeared in this district. According to defendant's counsel Mr. Fayad is presently

in custody in the Czech Republic and opposes his extradition to the United States. Defense

counsel candidly acknowledges that one of the purposes of taking the deposition at this juncture

is so that the testimony may be used in a judicial proceeding in the Czech Republic scheduled for

December 18, 2014.

          Rule 15 permits a party to examine "a prospective witness . . . . in order to

preserve testimony for trial." It requires a finding of "exceptional circumstances and in the

interest of justice." The sole support for the proposition that the witness would have admissible

testimony on a material fact is the claim that he can authenticate records and the conclusory

assertion that "Your Affirmant also believes that [the witness's] testimony will provide substantial proof of a material fact (specifically, Mr. Fayad's innocence) in this felony prosecution. (Adolfsen Affirmation at ¶3.)

Further, use of the deposition testimony in a foreign judicial proceeding (as defense counsel concedes is one of the purposes) is not preservation of the testimony for a "trial" of the type contemplated by the rule. Indeed, there may never be a "trial" of the defendant on the pending indictment because the defendant has not been extradited and, indeed, opposes extradition. Also there are two co-defendants who have not appeared on the indictment and the Court would be unable to make the findings required to permit the deposition to go forward in their absence. Rule 15(c)(3).

The application is DENIED without prejudice to renewal when, as and if the defendant appears in this district. Any further application for similar relief shall annex a copy of this Order.

SO ORDERED.

Dated: New York, New York
       November 26, 2014
       4:13 p.m.

P. Kevin Castel
United States District Judge
Part I